UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE M. RICHARDSON,

    Plaintiff,

v.                              CASE NO. 3:14-cv-1497-J-34JBT

FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, GERALD
BAILEY, COMMISSIONER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construes as a Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 4). For the reasons stated herein, the undersigned recommends that the IFP Motion be **DENIED** and the case be **DISMISSED without prejudice**.

Plaintiff filed his Complaint on December 16, 2014 (Doc. 1), and the IFP Motion on January 22, 2015. On February 18, 2015, the Court entered an Order taking the IFP Motion under advisement and directing Plaintiff to file an amended

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

complaint by March 20, 2015.  (*See* Doc. 5 at 5.)  Plaintiff was cautioned that if he failed to do so, "the undersigned may recommend that the District Judge deny the IFP Motion and/or dismiss this action."  (*Id.*)

The Order also stated in part:

> Plaintiff's Complaint does not meet [the requirement that a complaint state a claim on which relief may be granted] and is otherwise deficient. . . . Plaintiff makes many seemingly unrelated factual allegations against many different Defendants, and it is impossible to determine what causes of action, if any, Plaintiff attempts to bring against which Defendants. . . . Plaintiff does not plausibly allege facts that would entitle him to . . . any[] relief.

(*Id.* at 3–4.)

As of this date, Plaintiff has not filed an amended complaint.  For this reason, and the reasons stated in the prior Order (Doc. 5), the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim upon which relief may be granted and failure to prosecute.[2]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The IFP Motion (**Doc. 4**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and

---

[2] The Court notes that in a previous case, *Richardson v. Morgan*, Case No. 3:07-cv-940-32TEM (M.D. Fla.), Plaintiff's IFP Motion was granted (Doc. 6 in *Richardson v. Morgan*), but after protracted proceedings, the case was dismissed with prejudice for failure to prosecute (Doc. 50 in *Richardson v. Morgan*).  Plaintiff also recently filed a complaint in this Court that was dismissed without prejudice for similar reasons.  *See* Doc. 15 in *Richardson v. Fla. Dep't of Children and Families*, Case No. 3:14-cv-1228-J-20-JBT (M.D. Fla.).

close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 6, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff